```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA           )
                                   )
          v.                       )
                                   )    Criminal Action No.
AZAMAT TAZHAYAKOV, and             )    13-10238-DPW
DIAS KADYRBAYEV,                   )
                                   )
          Defendants,              )
                                   )
```

PROCEDURAL ORDER
November 6, 2014

Upon review of the transcript of the very vigorous argument yesterday before the Supreme Court in *Yates* v. *United States* (S.Ct. 13-7451) and after consultation with counsel for the parties in this matter - who interpose no objection - I have determined that the prudent course regarding sentencing of the defendants Kadyrbayev and Tazhayakov is to continue their sentencing hearings at least until the Supreme Court has resolved *Yates* and the parties have had an adequate opportunity to consider the implications of that resolution.

As I observed in a Procedural Order (#410) issued September 15, 2014 in connection with the briefing of post-trial motions regarding the defendant Tazhayakov, there are conceivable circumstances - depending on the decision of the Supreme Court in *Yates* - in which the obstruction of justice statute, 18 U.S.C. § 1519, defining the underlying crime of conviction in

the indictment as charged against defendants Kadyrbayev and Tazhayakov[1] may not be applicable in light of the verdict returned by the jury in the trial of the defendant Tazhayakov. The uncertainty created by the pendency of *Yates* and the likelihood that the Supreme Court will resolve the matter this Term suggests a provisional resolution of the underlying issues by a lower court would be improvident before anticipated guidance is provided within the foreseeable future by the Supreme Court. That uncertainty affects not merely the post-trial motions and sentencing in Tazhayakov but also my evaluation of the knowing and voluntary quality of the defendant Kadyrbayev's plea, as to which I deferred ruling pending full consideration at his sentencing hearing.

Accordingly, I hereby continue further briefing of post-trial motions as to the defendant Tazhayakov and the sentencing hearings as to both the defendant Tazhayakov and the defendant Kadyrbayev pending resolution by the Supreme Court of *Yates* v. *United States*.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

[1] This concern does not extend to the defendant Phillipos, whose crimes of conviction under the indictment – false statements in violation of 18 U.S.C. § 1001 – are not implicated in any fashion by the pendency of *Yates.*