UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

CRIM. NO. 13-10238-DPW

v.

DIAS KADYRBAYEV,
AZAMAT TAZHAYAKOV, and
ROBEL PHILLIPOS

**MOTION TO PRECLUDE INTRODUCTION OF
VICTIM IMPACT EVIDENCE AND TESTIMONY**

**Preliminary Statement**

From the very beginning, Dias and his family have extended their heartfelt condolences

to the Collier family and all the victims of the Tsarnaev brothers' despicable acts of violence.

Dias is truly remorseful and accepts responsibility for his actions - obstruction of justice by

removing certain items from Dzhokhar's dorm room.

Dias, however, is **not** responsible for the tragic death of Officer Collier by the Tsarnaevs.

Like many others in the Boston area who knew Dzhokhar, having attended high school with him,

coached him in athletics or were simply friends, Dias thought the initial grainy photos from the

marathon scene looked like Dzhokhar, but was uncertain.  He could not believe that someone he

knew and liked could be involved in such a despicable act.  It did not fit the background,

personality or life of the person Dias and many others thought they knew.

**Argument**

The Government has filed a Notice of Victim Impact Statement and the Victim Impact

Statement of MIT Officer Sean Collier's stepfather.  The Government has also stated that Officer

Collier's sister wishes to testify at the sentencing hearing, but provides no additional information about her proposed testimony.  Dias Kadyrbayev previously objected to the Government's proposition that family members of Officer Collier would submit "victim impact" statements in the Presentence Report ("PSR") because Dias was not responsible for the Officer Collier's death and that his death antedated the criminal conduct to which he has pled.  Despite this objection, the Government failed to filed a motion before this Court to designate the family as victims as statutorily defined by 18 U.S.C. § 3771(e)[1].   Nor has the Government made the required showing, to establish the right of <u>Dzhokhar Tsarnaev's victims</u> to participate in the sentencing proceeding, that the murder of Officer Collier was the direct and proximate result of Dias Kadyrbayev's obstructive conduct.

It was for the Court, not the Government, to determine whether officer Collier's family met the legal standard  as  "victims" under the CVRA.  <u>See</u> 18 U.S.C. § 3771(d)(3) ("The rights described in section (a) shall be asserted in the district court in which a defendant is being prosecuted for the crime  . . ..  The district court shall take up and decide any motion asserting a victim's right forthwith.")  Further, the statute itself and the case law interpreting its breadth and application simply do not support the argument that the Government should have made, but never did.

18 U.S.C. § 3771(e) defines the term "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense" and permits family members to assume the crime victim's rights. <u>Id</u>.  The definition of crime victim is limited to those affected by the specific conduct that is the basis for the offense.  Even under a broader interpretation of "crime victim" a court would nonetheless still have to determine that Officer

---

[1] Upon information and belief, Probation would have attached the victim impact statement forwarded by the Government if it concluded that Sean Collier was in fact a victim of the crimes to which Mr. Kadyrbayev has pled. Probation declined, and the Government yesterday simply filed the letter in conjunction with a Notice of Motion.

Collier's murder was the direct and proximate result of the defendant's actions.  United States v. Akande, 200 F. 3d 136, 139-41 (3d Cir.1987); In re Galvis, 564 C. 3d 70, 173, 175 (2d Cir. 2009) (further citations omitted); United States v. Sharp, 463 F. Supp. 2d 556, 558-68 (E.D.Va. 2006) (former girlfriend of defendant's narcotics customer not CVRA victim of the offense of conspiracy to distribute based on assertion that abuse of girlfriend by customer attributable to drugs sold by defendant).  The causation required is not simply a "but for" analysis; instead the Government must show "not only that a particular loss would not have occurred but for the conduct underlying the offense of conviction, but also that the causal nexus between the conduct and the loss is not too attenuated (either factually or temporally)."  United States v. Vaknin, 112 F.3d 579, 590 (1st Cir. 1997).

Here, the asserted conduct is the failure to call the police immediately upon seeing the surveillance videos hours before Officer Collier's shooting.  This conduct is not part of the offense conduct to which Dias has pled, and is not otherwise conduct that is proscribed by the statutes of conviction.  Moreover, and most importantly, there is no causal nexus sufficient to establish that Officer Collier's murder was the direct and proximate harm of the defendant's effort to conceal the laptop in his apartment, which is the basis for his plea.  Even if the Court were to expand its view of the conduct to include all conduct of this defendant, including the omission to notify law enforcement of his suspicion that Tsarnaev was involved in the bombing, the harm here remains not the result of the defendant's own actions, but those of an intervening actor, the murderers.

It simply is not enough to speculate that what Dias did not do might have changed the course of events, nor is it even sufficient to find that it was foreseeable that the Tsarnaevs would

commit additional crimes, including murder, beyond their participation in the bombing.   The causation requirement here demands more than foreseeability.

While the court has broad discretion to consider information that is relevant to the defendant's background, character and conduct pursuant to 18 U.S.C. § 3661, it must nevertheless take care to ensure that what evidence it does consider has sufficient indicia of reliability, and that the defendant has been provided the opportunity to respond to factual information upon which his sentence may be based as a matter of due process. United States v. Berzon, 941 F.3d 8, 18-21 (1st Cir. 1991), citing United States v. Curran, 926 F. 2d 59, 61 (1st Cir. 1991) (error where court relied on victim impact letters not contained in PSR Victim Impact Report or disclosed to defense counsel).  If the Court intends to consider the victim's statement and testimony, then the defendant must be fully advised of that fact, and given appropriate notice of the content of same, and an opportunity to respond.  See Rule 32 (c)(1); Berzon, supra, 941 F. 2d at 18 (district court should have alerted defendant in advance of hearing that it expected to consider a co-defendant's testimony at the sentencing); United States v. Hayes, 171 F.3d 389, 392 (6th Cir. 1999) ("Rule 32 requires that except in limited circumstances . . . the defendant must have the opportunity to review information that will be used in sentencing; United States v. Burger, 964 F. 2d 1065, 1072 (10th Cir. 1992) (vacating sentence where victim impact letter not disclosed to counsel impacted court's restitution).

The Government never provided discovery related to Officer Collier's shooting, nor the proposed content of Mr. Collier's sister's testimony.  None of the victim impact information was contained within the PSR.  In this respect, the defendant's notice, and ability to respond meaningfully to the factual accuracy of information contained within the statements is circumscribed.  Combined with the eleventh hour submission of limited victim impact

information, the potential prejudice is heightened, given that Dias Kadyrbayev's character letters and supporting evidence will not, and cannot, have the emotional impact that Sean Collier's sister's live testimony and plea for severe punishment will have.

## Acceptance of Responsibility for His Actions

From the very beginning, Dias and his family have extended their heartfelt condolences to the Collier family and all the victims of the Tsarnaev brothers' despicable acts of violence. Dias is truly remorseful and accepts responsibility for his actions.   He has admitted that he acted with the intent to obstruct the bombing investigation when he concealed the laptop in his dorm room.  He has pled guilty and faces the Court for his sentence.  Dias, however, is **not** responsible for the tragic death of Officer Collier.  The Tsarnaev brothers alone are responsible for the murder of Sean Collier.

It may be that other individuals would have called the police, and not instead, removed evidence from the dorm room and conceal it.  Certainly none of the many student peers or former high school classmates of Tsarnaev who also saw the footage and observed the resemblance called either, perhaps unable to admit that the person they thought they knew could commit so terrible a crime, or were unwilling to become involved.  The testimony of Bayan Kumiskali and of Azamat Tazhayakov confirm, however, that none of the boys that night were certain that Tsarnaev had participated in the bombing until hours after their return to their dorm room, shortly before 11 p.m., and after the shooting death of Officer Collier.  The evidence revealed that Dias, Azamat and Robel did not enter Jahar's dorm room until after approximately 10 p.m., when Dias found Andrew Dwinnells in the common area of his dorm and went with him to the room he shared with Dzhokhar. (Transcript, 10-8-14, Testimony of Andrew Dwinnells, Jury Trial of Robel Phillipos).  Dwinnells further testified that he was certain that Dias and Aza left

5

the room at 10:39 pm, as he recalls looking at his digital clock at that time and registering the time as he sent a text to Jahar. (Transcript, 7-8-2014, Testimony of Andrew Dwinnells, Jury Trial of Azamat Tazhayakov, p. 144). All accounts reported that the Tsarnaevs murdered Officer Collier at approximately 10:30 p.m. As we now know, Jahar's cellphone service had been turned off for lack of payment. Thus, even if Dias or the others had immediately recognized that Jahar was or was likely involved around 10 p.m. when they were in his dorm room and discovered the items and notified law enforcement, and even if law enforcement immediately acted on this information, there was insufficient time for law enforcement to interview them, confirm the information and no way to track Jahar down before his fatal encounter with Officer Collier. It is simply a factual impossibility.

Thus, while we are sympathetic and understanding of the family's position, the facts and timeline just do not support it. No attorney or defendant wishes to be in the position the Government has placed us. It is not our burden, nor should we be obligated, to advocate against the requested statements by denying this family the status of a victim. Officer Collier and his family are truly victims – victims of the heinous and murderous acts of Tamerlan and Dzhokhar Tsarnaev.

As human beings, we and our client understand the deep and abiding grief of this family, and the need to express that grief, honor the deceased's memory, and assign blame for an unimaginable loss. Nonetheless, as advocates, it is our duty to object to the victim impact statements or testimony for which there is no legal right under the statute, and no relevance to the factors that this Court must consider in determining a sentence pursuant to 18 U.S.C. § 3553.

Respectfully, we object to admission of the statement, or any oral testimony either under the CVRA or under 18 U.S.C. § 3661.

Respectfully submitted,

*s/ Robert G. Stahl*
_____
Robert G. Stahl, Esq.

*s/ Laura K. Gasiorowski*
_____
Laura K. Gasiorowski, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system was sent electronically to the registered participants as identified on the NEF on May 29, 2015.

s/ *Robert G. Stahl*
_____
ROBERT G, STAHL, ESQ.
LAURA K. GASIOROWSKI